UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN ALMEIDA,

    Plaintiff,

v.       C.A. No. 18-029 WES

TOWN OF BRISTOL POLICE DEPARTMENT,

    Defendant.

## ORDER

WILLIAM E. SMITH, Chief Judge.

In a Report and Recommendation ("R&R") (ECF No. 3), Magistrate Judge Lincoln D. Almond recommended that the Court dismiss Plaintiff's Complaint (ECF No. 1) with prejudice for failure to state a claim. After reviewing the R&R and relevant filings, and having heard no objections, the Court ACCEPTS the R&R and adopts the recommendations and reasoning set forth therein. Plaintiff's Complaint (ECF No. 1) is, therefore, DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: May 8, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN ALMEIDA            :
                        :
v.                      :   C.A. No. 18-0029-WES
                        :
                        :
TOWN OF BRISTOL POLICE  :
DEPARTMENT              :

**REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)**

Before this Court is Plaintiff John Almeida's Application to Proceed Without Prepayment of Fees and Affidavit ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On January 23, 2018, Plaintiff filed a short, handwritten Complaint against the Town of Bristol Police Department. (ECF Doc. No. 1). The Complaint is confusing and handwritten and is ostensibly brought pursuant to "Municipal town and state government systematic failures errors violations of constitution recovery of social security disability benefit offset US Dept of Education." (ECF Doc. No. 1 at p. 5).

Plaintiff's Complaint is accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application, signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte (on the Court's own Motion) under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend the Complaint be DISMISSED with prejudice.

This is the second lawsuit filed by Plaintiff containing the same sparse information. Like Plaintiff's first Complaint in C.A. No. 17-563S, this Complaint was filed on a pre-typed form for "Complaint for a Civil Case." The allegations contained in the present Complaint are rambling and largely incoherent, but both Complaints reference, "recovery of Social Security Disability Benefits" "credit history accounts" being "charged off." (ECF Doc No. 1 at p. 6). Plaintiff was granted leave to amend his Complaint in his CA No. 17-563S but has not filed an Amended Complaint or otherwise responded to the Court's Order leading to dismissal of his previous action. Instead, Plaintiff filed the present Complaint that fails to cure any of the deficiencies noted in the Court's previous Order.

Given the similarity in the language between the two Complaints, the Court will treat the present pleading as Plaintiff's Amended Complaint and recommends it be DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The Court also recommends that this dismissal be with prejudice since Plaintiff has been given two opportunities to plead his claims, and he falls far short of stating any viable legal claims. Plaintiff's Complaint is in narrative form and does not specify the factual and legal bases for his claims as to the named Defendant. It does not identify sufficient facts to state any plausible legal claims. Also, it does not contain any cognizable demand for the relief sought from the Defendant as required. Accordingly, Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8 and 10, and I recommend it be dismissed.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the

District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


　/s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
February 2, 2018